UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SPRUEL,

       Plaintiff,                    CIVIL ACTION NO. 07-13945

       v.                             DISTRICT JUDGE LAWRENCE P. ZATKOFF

STATE OF WASHINGTON,          MAGISTRATE JUDGE VIRGINIA MORGAN
and STATE OF MICHIGAN,

       Defendants.
_____/

## REPORT AND RECOMMENDATION
## TO DISMISS CASE AS MOOT

This matter is before the court on a Petition for Mandamus against the State of Washington and the State of Michigan filed by Richard Spruel, a *pro se* prisoner, on September 18, 2007. No order for service has been entered. It is recommended that the case be dismissed as moot. Petitioner challenges extradition from the State of Michigan to the State of Washington. On October 19, 2007, the case was referred to the undersigned. On January 4, 2008, this court was advised by the Wayne County Extradition Unit that plaintiff was released to the custody of the Washington State Department of Corrections on October 4, 2007 and was returned to serve the balance of his sentence there.

**Background:**

Petitioner was convicted of felony child molestation and fourth degree assault under state law in Washington on or about September 29, 1992. (Complaint, Washington Court of Appeals Opinion). Petitioner appealed his conviction to the state court of appeals in Washington raising, *inter alia*, claims that his sentence violated the *ex post facto* clause. (Par. 2). In 1995, the conviction and sentence were affirmed. (Par. 4). Petitioner alleges that he was subsequently sentenced in 1996 to 23 years without any new criminal charges. (Par. 5). Petitioner challenged this sentence in the state court of Washington and also filed a federal habeas petition. (See, Petition for Writ of Habeas Corpus, Western District of Washington 04-CV-00109). His request for review and/or relief was denied. (Par. 7). On April 26, 2006, petitioner was paroled from prison after serving 15 years.

The complaint related a series of events which petitioner believes have been unfair to him. For example, he reported to his parole officer on April 27, 2006, but she was not in her office. (Par. 9). Thereafter, he filed a Motion to Show Cause why a Motion for a Temporary Restraining Order and Preliminary Injunction should [not?] be granted. The forum for that filing is not specified. (Par. 10). On May 15, 2006, petitioner was arrested at his friend's home by the U.S. Marshals. He states that they did not have a warrant. (Par. 11). On May 25, 2006, petitioner was found guilty at a parole hearing. In June, 2006, petitioner was arraigned on new charges in King County Superior Court in Seattle. He filed an interlocutory appeal in Washington state courts, which was ultimately denied in November, 2006. (Par. 23). On December 4, 2006, petitioner was convicted for not obeying the "ex post facto and void

judgment and sentence . . . which the state of Washington had fifteen years to correct." (Par. 24). On December 5, 2006, petitioner purchased a Greyhound Bus ticket to Detroit. (Par. 25).

On December 8, 2006, petitioner arrived in Detroit. However, on January 22, 2007, Washington issued a fugitive warrant charging him with escape. (Par. 26, 27). About six months later, on June 21, 2007, petitioner was arrested on the warrant and on June 27, 2007, he was arraigned in Frank Murphy Hall of Justice. He alleges that the was not arraigned within 72 hours and was never read his rights. Petitioner wrote several letters to Judge McCree, his judge at arraignment bringing these matters to his attention. He told Judge McCree that his convictions in Washington were void and that he had not been given his rights in Michigan. (Par. 29, 30). He filed for Mandamus in the Michigan courts, but the court refused to acknowledge receipt or respond. (Par. 31).

Petitioner now raises fourteen grounds as to why Mandamus should be granted, extradition halted, and all charges against him should be dismissed. These grounds relate to the underlying unconstitutionality of his conviction and sentence, to the alleged failure to advise him of his rights at the time of arrest, and to denial of due process and equal protection in his extradition proceedings because of the delay beyond 72 hours between his arrest and arraignment on the extradition warrant.

Initially, it should be noted that petitioner's request for mandamus could be denied on the merits. To justify the use of the extraordinary remedy of mandamus, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See, *In re Riviere*, 2007 WL 2859986 (3rd Cir. V.I.) citing *Haines v. Liggett*

*Group*, *Inc.* 975 F.2d 81,89 (3d Cir 1992). Mandamus is a drastic remedy available only in the most extraordinary of situations in response to an act amounting to a judicial usurpation of power. *In re Nwanze*, 242 F.3d 521, 524 (3rd Cir. 2001). A motion filed pursuant to Title 28 U.S.C. §2255 or §2254 is the presumptive way for a prisoner to challenge his conviction or sentence. *Okereke v. United States*, 307 F.3d 117, 120 (3rd Cir. 2002). Petitioner's mandamus petition directly challenges his confinement and should have been brought as a state habeas petition.

In addition, petitioner's challenge to his extradition is now moot. The mootness doctrine encompasses the circumstances that destroy the justiciability of an action previously suitable for determination. See, Wright and Miller: Federal Practice & Procedure, 533 (hereinafter Wright). Discussion of the mootness doctrine focuses on the determination whether the available remedies retain sufficient utility to justify decision on the merits. Mootness principles rest on the doctrinal foundations of the "case or controversy" requirement of Article III, see, e.g., *Globe Newspaper v. Superior Court*, 457 U.S. 596, 102 S.Ct. 2613 (1982); *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202 (1980), as well as on the more flexible doctrines of remedy and judicial administration. See, *Wright* at 3533.1.

Mootness does not always follow when a prisoner is transferred. *Benfield v. Bounds*, 540 F.2d 670 (4th Cir. 1976), *vacated on other grounds*, 97 S.Ct. 726 (1977). Mootness will be found, however, if the plaintiff is not likely to be affected by any repetition of the challenged conduct or if effective relief can be provided in the event of any recurrence. *Lucas Coal v. Interior Board of Mine Operation Appeals*, 522 F.2d 581, 586-587 (3rd Cir. 1975). In this case,

petitioner has been turned over to the authorities from the state of Washington Department of Corrections. Any constitutional claims or challenges to his confinement can be made to judicial officers in that state or in the federal district courts located there. Because petitioner has not made a substantial showing of the denial of a federal constitutional right, because the mandamus action lacks merit on its face, and because petitioner is not likely to be affected by a repetition of the challenged conduct, a dismissal on the grounds of mootness should issue.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

        s/Virginia M. Morgan
        Virginia M. Morgan
        United States Magistrate Judge

Dated: January 25, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon Richard Spruel, #766783, at North Fork Correctional Facility, 1605 East Main, Sayre, OK 73662 (per Washington Department of Corrections) via the Court's ECF System and/or U. S. Mail on January 25, 2008.

        s/Jane Johnson
        Case Manager to
        Magistrate Judge Virginia M. Morgan